Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

------------------------------------------------------------X

UNIVERSAL LEAF TOBACCO CO.

       Plaintiff,

  - against -

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,.

       Defendants.
------------------------------------------------------------X

RECEIVED SEP 27 2007 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE BATTS

07 CIV 8391
07 Civ.

**COMPLAINT**

      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, UNIVERSAL LEAF TOBACCO CO., is a corporation duly incorporated under the laws of one of the states of the United States, with an office and place of business located at 1501 N. Hamilton Street, Richmond, VA 23260, and was the receiver and consignee of certain cargo laden on board the M/V MSC WASHINGTON, as more fully described below.

3. Defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times was and is doing business in this jurisdiction and was and is a common carrier of goods by water and was the common carrier for the shipment described more fully below.

4. Defendant, COSTAMARE SHIPPING CO., S.A., (hereinafter "Costamare") is a foreign corporation with a place of business located at 60 Zephyrou Street & Syngrou Avenue, Palion Faliron, 175 64 Athens, Greece, and at all relevant times was and is doing business in this jurisdiction and was and is the owner and/or charterer and/or manager and/or operator of the M/V MSC WASHINGTON.

5. Defendant, HONAKER SHIPPING CO., (hereinafter "Honaker") is a foreign corporation with a place of business located at 60 Zephyrou Street & Syngrou Avenue, Palion Faliron, 175 64 Athens, Greece, and at all relevant times was and is doing business in this jurisdiction and was and is the owner and/or charterer and/or manager and/or operator of the M/V MSC WASHINGTON.

6. At all material times, the M/V MSC WASHINGTON was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7. At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V MSC WASHINGTON, as common carriers of merchandise by water for hire.

8.  Plaintiff was the consignee, owner and/or assured of the consignments hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST MSC AND M/V MSC WASHINGTON

9.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 8, inclusive, as if herein set forth at length.

10. On or about December 7, 2006, a cargo consisting of 6,720 cases oriental leaf tobacco laden into 75 ocean going containers, the numbers of which are set forth in the MSC bill of lading referenced below, and including container numbers AMFU 880448-3 and MSCU 955514-0, then being in good order and condition, were delivered to defendant MSC at Sindos, Greece for transportation to Richmond, Virginia, in consideration of an agreed freight pursuant to MSC bill of lading no. MSCUTI215973 dated December 7, 2006.

11. The containers were transported to Thessaloniki, Greece where they were laden on board the M/V MSC BASEL. The containers were subsequently transshipped onto the M/V WASHINGTON for the transit across the Atlantic Ocean to Norfolk, Virginia.

12. The M/V WASHINGTON arrived at Norfolk, Virginia on or about January 6, 2007. During discharge operations, either the vessel's crew or the stevedores failed to remove locking pins from certain of the containers due to be discharged. As a result, when an unknown container was lifted from the vessel by crane, two additional containers, with their locking pins still engaged, were lifted with that container. Inasmuch as the locking pins were not designed to

support that weight, the pins failed. As a result, the two containers, bearing identification numbers MSCU 955514-0 and AMFU 880448-3 fell into the water.

13. The 192 cartons of tobacco laden into these two containers suffered severe wetting damage. While a small quantity of cargo was able to be salvaged, the remainder of the 192 cartons were declared a constructive total loss.

14. The defendants MSC and M/V MSC WASHINGTON failed to deliver the cargo to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading.

15. The damage to the aforementioned cargo of Tobacco did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant MSC and/or the unseaworthiness of the M/V MSC WASHINGTON.

16. By reason of the foregoing, plaintiff has sustained damages in the total amount of $186,000.00 plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V MSC WASHINGTON, defendants Costamare and Honaker were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V MSC WASHINGTON. Moreover, the said defendants were sub-

bailees of the cargoes referred to in the First Cause of Action and in any event, as the parties having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V MSC WASHINGTON was seaworthy for the voyage to the United States.

19. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V MSC WASHINGTON in a seaworthy condition.

20. By reason of the foregoing, plaintiff has sustained damages in the total amount of $186,000, plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Defendants Costamare and Honaker, as managers and owners of the M/V MSC WASHINGTON, were responsible for manning, maintaining and repairing the vessel.

23. The damage to the subject cargo of Tobacco, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V MSC WASHINGTON, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

24.    By reason of the foregoing, plaintiff has sustained damages in the total amount of $186,000, plus expenses, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $186,000.00, with interest thereon and costs, the sum sued for in this Complaint.

3.    That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      September 27, 2007
      115-885

                **CASEY & BARNETT, LLC**
                Attorneys for Plaintiff

      By: _/s/ Martin F. Casey_
                Martin F. Casey (MFC-1415)
                317 Madison Avenue, 21st Floor
                New York, New York 10017
                (212) 286-0225