LYONS & FLOOD, LLP·
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
MEDITERRANEAN SHIPPING COMPANY, S.A.,
COSTAMARE SHIPPING CO. S.A., and
HONAKER SHIPPING CO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNIVERSAL LEAF TOBACCO CO.

    Plaintiff,

                  07 Civ. 8391 (DAB)

 - against -

                  **ANSWER**

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

    Defendants.
-------------------------------------------------------------------x

  Defendants MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC");

COSTAMARE SHIPPING CO. S.A. ("CSC") and HONAKER SHIPPING CO. ("HSC")

(collectively referred to as "Answering Defendants") by their attorneys, Lyons & Flood, LLP, for

their Answer to Plaintiffs' Complaint, allege upon information and belief as follows:

  1. Admit that this is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upon 28 U.S.C. §

1333.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admit that MSC is a foreign corporation doing business in this jurisdiction and is engaged in the business as a common carrier of goods by water for hire and was the common carrier of the shipment described below, but except as so specifically admitted, deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Admit that CSC is a foreign corporation and at all relevant times was the manager of the M/V MSC WASHINGTON, but except as so specifically admitted, deny the remaining allegations contained in paragraph 4 of the Complaint.

5. Admit that HSC is a foreign corporation and at all relevant times was the owner of the M/V MSC WASHINGTON, but except as so specifically admitted, deny the remaining allegations contained in paragraph 5 of the Complaint.

6. Admit that the M/V MSC WASHINTON is an ocean-going vessel engaged in common carriage of cargoes on the high seas, but except as so specifically admitted, deny the remaining allegations contained in paragraph 6 of the Complaint.

7. Admit that MSC was and still is engaged in the business of common carriage of merchandise by water for hire, and that at all relevant times MSC chartered, HSC owned, and CSC managed the M/V MSC WASHINGTON.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

9. Answering Defendants repeat and reallege the responses in Paragraphs 1 through 8 of this Answer, as if fully set forth herein.

10. Admit that a cargo said to contain 6,720 cases of oriental leaf tobacco laden into 70 containers, including containers numbered AMFU880448-3 and MSCUT125973 were delivered to MSC at Sindos, Greece for transshipment to Richmond, Virginia pursuant to MSC bill of lading numbered MSCU1215973, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit that the M/V MSC WASHINGTON arrived at Norfolk, Virginia on or about January 6, 2007 and that during discharge operations, the containers numbered MSCU955514-0 and AMFU88048-3 fell into the water, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

17. Answering Defendants repeat and reallege the responses in Paragraphs 1 through 16 of this Answer, as if fully set forth herein.

18. The allegations contained in paragraph 18 of the Complaint contain conclusions of law to which no answer is required, to the extent an answer is required, the allegations are denied.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

21. Answering Defendants repeat and reallege the responses in Paragraphs 1 through 20 of this Answer, as if fully set forth herein.

22. The allegations contained in paragraph 22 of the Complaint contain conclusions of law to which no answer is required, to the extent an answer is required, the allegations are denied.

23. Deny the allegations contained in paragraph 23 of the Complaint

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

25. The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, et seq. ("Harter Act"), and the Answering Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA and/ or the

Harter Act, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## SECOND AFFIRMATIVE DEFENSE

26. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and/or the Harter Act and MSC's bill of lading.

## THIRD AFFIRMATIVE DEFENSE

27. Due diligence was exercised on behalf of the carrier to make the vessels and their appurtenances seaworthy, and to make the holds and all other parts of the carrying ships in which the goods were carried fit and safe for the reception, carriage and preservation of such shipment. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, their agent, or employee, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA and/or the Harter Act, or provisions of said bill of lading or tariff or other applicable provisions of contracts of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

28. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the Plaintiff and not by Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

29. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by a Third-Party or Third-Parties, and not by Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff failed to properly and fully mitigate its damages.

WHEREFORE, DEFENDANTS MEDITERRANEAN SHIPPING COMPANY, S.A., COSTAMARE SHIPPING CO. S.A., and HONAKER SHIPPING CO., respectively request judgment dismissing the Complaint, and awarding them costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
       December 11, 2007

> LYONS & FLOOD, LLP
> Attorneys for Defendants
> MEDITERRANEAN SHIPPING COMPANY S.A.,
> COSTAMARE SHIPPING CO. S.A., and HONAKER
> SHIPPING CO.
>
> By: _____
>     Edward P. Flood (EPF-5797)
>     Lyons & Flood, LLP
>     65 W 36th Street, 7th Floor
>     New York, New York 10018
>     (212) 594-2400

TO: Casey & Barnett, LLC
Attorneys for the Plaintiff
Martin F. Casey, Esq
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

U:\FLOODDOC\2549108\Pleadings\MSC's Answer to Complaint.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., COSTAMARE SHIPPING CO. S.A. and HONAKER SHIPPING CO. with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On December 11, 2007, I served true copies of the Answer to Complaint upon:

>Casey & Barnett, LLC
>Attorneys for the Plaintiff
>Martin F. Casey, Esq
>317 Madison Avenue, 21st Floor
>New York, New York 10017

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: December 11, 2007

_____
Erika Tax

U:\FLOODDOC\2549108\Pleadings\MSC's Answer to Complaint.doc