LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants and Third-Party Plaintiffs
MEDITERRANEAN SHIPPING COMPANY, S.A.,
COSTAMARE SHIPPING CO. S.A., and
HONAKER SHIPPING CO.

RECEIVED
DEC 1 9 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNIVERSAL LEAF TOBACCO CO.

        Plaintiff,

**07 Civ. 8391 (DAB)**

      - against -

**THIRD-PARTY PLAINTIFFS'**
**F.R. Civ.P. Rule 14(C)**
**THIRD-PARTY COMPLAINT**

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

        Defendants.
-----------------------------------------------------------------x
MEDITERRANEAN SHIPPING COMPANY S.A.;
COSTAMARE SHIPPING CO. S.A.; and
HONAKER SHIPPING CO.

        Third-Party Plaintiffs,

     -against-

CERES TERMINALS INCORPORATED;
CERES MARINE TERMINALS, INC.; and
VIRGINIA INTERNATIONAL TERMINALS, INC.,

        Third-Party Defendants.
-----------------------------------------------------------------x

Defendants and Third-Party Plaintiffs, MEDITERRANEAN SHIPPING COMPANY

S.A., ("MSC"), COSTAMARE SHIPPING CO. S.A. ("CSC"), and HONAKER SHIPPING CO.

("HSC") (collectively referred to as "Third-Party Plaintiffs") by their attorneys, Lyons & Flood,

LLP, as and for their Third-Party Complaint against CERES TERMINALS INCORPORATED,

CERES MARINE TERMINALS, INC. (collectively "CERES"), and VIRGINIA

INTERNATIONAL TERMINALS, INC. ("VIT"), (collectively referred to as "Third-Party

Defendants"), allege upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure, and jurisdiction is predicated upon 28 U.S.C. §1333.

2.      Plaintiffs have filed an action against Third-Party Plaintiffs seeking damages for

loss or damage to a certain shipment of oriental leaf tobacco, shipped from Sindos, Greece to

Norfolk Virginia pursuant to MSC's bill of lading dated December 7, 2006.  Third-Party

Plaintiffs have appeared and answered the Complaint. Copies of the Complaint and Answer are

Annexed hereto as Exhibits "A" and "B", respectively.

3.      At all times hereinafter mentioned, MSC, a foreign corporation with its principal

place of business in a foreign country, was engaged in business as a common carrier by water for

hire, transporting cargo, among other places, to and from the United States.

4.      At all times hereinafter mentioned, HSC, a foreign corporation, was the owner of

the M/V MSC WASHINGTON (the "Vessel"), and CSC a foreign corporation, at all relevant

times was the manager of said Vessel.

5.      Upon information and belief, Third-Party Defendants CERES at all relevant

times were and still are doing business in this jurisdiction and are registered to do business

within New York with the Secretary of State, with an office and place of business located at Two

Tower Center Boulevard, East Brunswick, NJ 08816, well within 100 miles of this court.

6.    Upon information and belief, Third-Party Defendant VIT maintains an office and

place of business at 601 World Trade Center, Norfolk, VA 23510 and is doing business within

this jurisdiction.

7.    Plaintiff, in the within action, alleges that it sustained damage to a shipment of

oriental leaf tobacco (the "Cargo") being transported from Sindos, Greece to Norfolk, Virginia,

aboard various vessels, including the M/V MSC WASHINGTON, pursuant to MSC's bill of

lading.

8.    Specifically, Plaintiff alleges in the underlying Complaint that on or about

January 6, 2007, two containers numbered MSCU955514-0 and AMFU88044-3 (the "subject

containers"), said to be loaded with the Cargo were dropped into the water during discharge.

9.    Third-Party Defendants CERES acting as the stevedores were responsible for the

discharge of the Vessel, including the unlocking of the container twist-locks and other devices

used to secure the subject containers to each other and to the deck of the Vessel.

10.    During the discharge operations the actual removal of all the containers, including

the subject containers, from the Vessel was accomplished by using a gantry crane owned and

operated by Third-Party Defendant VIT.

11.    As a result of Third-Party Defendants' negligence, both of the subject containers

were taken off the Vessel in one single motion, as opposed to one container at a time.

12.    As a result of Third-Party Defendants' negligence, while being discharged, the

subject containers broke free from the crane's lifting bars/ wires and plunged into the water and

the Plaintiff alleges that the Cargo was damaged when water entered the subject containers and wetted the Cargo said to be stowed inside.

13.    Shortly after this incident, all Third-Party Defendants were placed on notice by Third-Party Plaintiff MSC and advised that they would be held liable for any damage to Plaintiff's Cargo.

**As and For a First Cause of Action- Against
Third-Party Defendants CERES.**

14.    Third-Party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Third-Party Complaint with the same force and effect as if herein set forth at length.

15.    The subject shipment referred to in the above-referenced paragraphs was placed in the care, custody and control of CERES in Norfolk, Virginia, pursuant to certain contracts, both express and implied, between Third-Party Plaintiffs and CERES.

16.    Pursuant to the terms of the aforesaid Contract, Third-Party Defendants CERES remained responsible for, among other things, the safe and proper discharge of the subject containers from the Vessel.

17.    Third-Party Plaintiffs have duly performed all of the terms and conditions of the said Contract.

18.    If Plaintiff's Cargo sustained any damage, it resulted from the breach of contract on the part of Third-Party Defendants CERES to perform their duties in a proper, careful, and workmanlike manner.

19.    As a result of the foregoing, if any liability is found in favor of Plaintiff against Third-Party Plaintiffs, then Third-Party Plaintiffs are entitled to indemnity or contribution,

together with the costs and disbursements of this action and reasonable attorneys' fees from the Third-Party Defendants CERES.

20.    If Plaintiff is entitled to recover any damages in this action, Plaintiff should recover directly from Third-Party Defendants CERES, pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, without any contribution from Third-Party Plaintiffs.

### As and For the Second Cause of Action- Against Third-Party Defendants CERES

21.    Third-Party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Third-Party Complaint with the same force and effect as if herein set forth at length.

22.    To the extent that Plaintiff's Cargo was damaged, such damage was caused solely or partially by Third-Party Defendants CERES negligence and/or fault, by their failure to properly conduct said discharge operations, without any fault or negligence on the part of the Third-Party Plaintiffs.

23.    As a result of the foregoing, if any liability is found in favor of the Plaintiff against the Third-Party Plaintiffs, then the Third-Party Plaintiffs are entitled to indemnity or contribution, together with the cost and disbursements of this section and reasonable attorneys' fees from Third-Party Defendants CERES.

24.    If Plaintiff is entitled to recover any damages in this action, which is denied, Plaintiff should recover directly from Third-Party Defendants CERES, pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, without any contribution from Third-Party Plaintiffs.

### As and For a Third Cause of Action- Against
### Third-Party Defendant VIT

25.    Third-Party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Third-Party Complaint with the same force and effect as if herein set forth at length.

26.    The subject shipment referred to in the above-referenced paragraphs was placed in the care, custody and control of Third-Party Defendant VIT, pursuant to certain contracts, both express and implied, between Third-Party Plaintiffs and VIT.

27.    Pursuant to the terms of the aforesaid Contract, Third-Party Defendant VIT remained responsible for, among other things, the safe and proper discharge of the subject containers from the Vessel.

28.    Third-Party Plaintiffs have duly performed all of the terms and conditions of the said Contract.

29.    If Plaintiff's Cargo sustained any damage, it resulted from the breach of contract on the part of Third-Party Defendant VIT to perform its duties in a proper, careful, and workmanlike manner.

30.    As a result of the foregoing, if any liability is found in favor of Plaintiff against Third-Party Plaintiffs, then pursuant to the terms of the relevant contract, Third-Party Plaintiffs are entitled to indemnity or contribution, together with the costs and disbursements of this action and reasonable attorneys' fees from Third-Party Defendant VIT.

31.    If Plaintiff is entitled to recover any damages in this action, Plaintiff should recover directly from Third-Party Defendant VIT, pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, without any contribution from Third-Party Plaintiffs.

### As and For a Fourth Cause of Action- Against
### Third-Party Defendant VIT

32.     Third-Party Plaintiffs repeat and reallege each and every allegation contained in

paragraphs 1 through 31 of this Third-Party Complaint with the same force and effect as if herein

set forth at length.

33.     To the extent that Plaintiff's Cargo was damaged, such damage was caused solely

or partially by Third-Party Defendant VIT's negligence and/or fault, among other things, by its

failure to properly operate the Gantry Crane in a reasonable manner and causing two containers

to fall into the water during discharge, without any fault or negligence on the part of the Third-

Party Plaintiffs.

34.     As a result of the foregoing, if any liability is found in favor of the Plaintiff

against the Third-Party Plaintiffs, then the Third-Party Plaintiffs are entitled to indemnity or

contribution, together with the cost and disbursements of this section and reasonable attorneys'

fees from Third-Party Defendant VIT.

35.     If Plaintiff is entitled to recover any damages in this action, Plaintiff should

recover directly from Third-Party Defendant VIT, pursuant to Rule 14 (c) of the Federal Rules of

Civil Procedure, without any contribution from Third-Party Plaintiffs.

**WHEREFORE,** Third-Party Plaintiffs respectfully pray:

A.   That judgment be entered dismissing the Complaint herein;

B.   That judgment be entered for Plaintiff directly against Third-Party Defendants pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure;

C.   Alternatively, that judgment be entered against the Third-Party Defendants for all sums, if any, which may be adjudged against Third-Party Plaintiffs in favor of Plaintiff, together with reasonable attorneys' fees, costs, and disbursements of this action;

D.   That judgment be entered in favor of Third-Party Plaintiffs against Third-Party Defendants for indemnity, whether or not Plaintiff prevails against Third-Party Plaintiffs, including reasonable attorneys' fees, costs, and disbursements of this action;

E.   For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   December 19, 2007

       LYONS & FLOOD, LLP
       Attorneys for Defendants and Third-Party Plaintiffs
       MEDITERRANEAN SHIPPING COMPANY S.A.,
       COSTAMARE SHIPPING CO. S.A., and HONAKER
       SHIPPING CO.

       By: _____
         Edward P. Flood (EPF-5797)
         Lyons & Flood, LLP
         65 W 36th Street, 7th Floor
         New York, New York 10018
         (212) 594-2400

TO:  Casey & Barnett, LLC
    Attorneys for the Plaintiff
    Martin F. Casey, Esq
    317 Madison Avenue, 21st Floor
    New York, New York 10017
    (212) 286-0225

U:\FLOODDOC\2549108\Pleadings\MSC's 3rd party complaint.doc

# EXHIBIT A

Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



RECEIVED
SEP 2 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE BATTS

07 CIV 8391
07 Civ.

-----------------------------------------------------------X

UNIVERSAL LEAF TOBACCO CO.

      Plaintiff,

    - against -

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,.

      Defendants.

-----------------------------------------------------------X

**COMPLAINT**

     Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon

information and belief, as follows:

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.   Plaintiff, UNIVERSAL LEAF TOBACCO CO., is a corporation duly

incorporated under the laws of one of the states of the United States, with an office and place of

business located at 1501 N. Hamilton Street, Richmond, VA 23260, and was the receiver and

consignee of certain cargo laden on board the M/V MSC WASHINGTON, as more fully

described below.

3.     Defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times was and is doing business in this jurisdiction and was and is a common carrier of goods by water and was the common carrier for the shipment described more fully below.

4.     Defendant, COSTAMARE SHIPPING CO., S.A., (hereinafter "Costamare") is a foreign corporation with a place of business located at 60 Zephyrou Street & Syngrou Avenue, Palion Faliron, 175 64 Athens, Greece, and at all relevant times was and is doing business in this jurisdiction and was and is the owner and/or charterer and/or manager and/or operator of the M/V MSC WASHINGTON.

5.     Defendant, HONAKER SHIPPING CO., (hereinafter "Honaker") is a foreign corporation with a place of business located at 60 Zephyrou Street & Syngrou Avenue, Palion Faliron, 175 64 Athens, Greece, and at all relevant times was and is doing business in this jurisdiction and was and is the owner and/or charterer and/or manager and/or operator of the M/V MSC WASHINGTON.

6.     At all material times, the M/V MSC WASHINGTON was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7.     At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V MSC WASHINGTON, as common carriers of merchandise by water for hire.

2

8.    Plaintiff was the consignee, owner and/or assured of the consignments

hereinbelow described and brings this action on its own behalf and as agent and/or trustee on

behalf of and for the interest of all parties who may be or become interested in the said

consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to

maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST MSC AND M/V MSC WASHINGTON

9.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 8, inclusive, as if herein set forth at length.

10.    On or about December 7, 2006, a cargo consisting of 6,720 cases oriental leaf

tobacco laden into 75 ocean going containers, the numbers of which are set forth in the MSC bill

of lading referenced below, and including container numbers AMFU 880448-3 and MSCU

955514-0, then being in good order and condition, were delivered to defendant MSC at Sindos,

Greece for transportation to Richmond, Virginia, in consideration of an agreed freight pursuant to

MSC bill of lading no. MSCUTI215973 dated December 7, 2006.

11.    The containers were transported to Thessaloniki, Greece where they were laden on

board the M/V MSC BASEL. The containers were subsequently transshipped onto the M/V

WASHINGTON for the transit across the Atlantic Ocean to Norfolk, Virginia.

12.    The M/V WASHINGTON arrived at Norfolk, Virginia on or about January 6,

2007. During discharge operations, either the vessel's crew or the stevedores failed to remove

locking pins from certain of the containers due to be discharged. As a result, when an unknown

container was lifted from the vessel by crane, two additional containers, with their locking pins

still engaged, were lifted with that container. Inasmuch as the locking pins were not designed to

3

support that weight, the pins failed. As a result, the two containers, bearing identification

numbers MSCU 955514-0 and AMFU 880448-3 fell into the water.

13.    The 192 cartons of tobacco laden into these two containers suffered severe

wetting damage. While a small quantity of cargo was able to be salvaged, the remainder of the

192 cartons were declared a constructive total loss.

14.    The defendants MSC and M/V MSC WASHINGTON failed to deliver the cargo

to plaintiff at destination in the same good order and condition as when received by defendants at

the port of loading.

15.    The damage to the aforementioned cargo of Tobacco did not result from any act or

omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in

whole or in part, of the negligence and/or fault of defendant MSC and/or the unseaworthiness of

the M/V MSC WASHINGTON.

16.    By reason of the foregoing, plaintiff has sustained damages in the total amount of

$186,000.00 plus expenses, no part of which has been paid, although duly demanded.


### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

17.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 16, inclusive, as if herein set forth at length.

18.    As the owners, disponent owners, bareboat owners, charterers, and/or managers of

the M/V MSC WASHINGTON, defendants Costamare and Honaker were responsible for

properly manning, maintaining and repairing the vessel and for otherwise exercising due

diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered

to and loaded on board the M/V MSC WASHINGTON. Moreover, the said defendants were sub-

4

bailees of the cargoes referred to in the First Cause of Action and in any event, as the parties

having custody and control of the property and chattels of others, said defendants were obligated

to exercise due diligence to properly care for those cargoes, a responsibility which included

exercising due diligence to ensure that the M/V MSC WASHINGTON was seaworthy for the

voyage to the United States.

19.    The losses sustained by plaintiff were caused, in whole or in part, by the

negligence and fault of defendants, and/or their agents, representatives and independent

contractors for whose acts and omissions it was responsible, including, but not limited to, their

failure to maintain the M/V MSC WASHINGTON in a seaworthy condition.

20.    By reason of the foregoing, plaintiff has sustained damages in the total amount of

$186,000, plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

21.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 20, inclusive, as if herein set forth at length.

22.    Defendants Costamare and Honaker, as managers and owners of the M/V MSC

WASHINGTON, were responsible for manning, maintaining and repairing the vessel.

23.    The damage to the subject cargo of Tobacco, as described in the First Cause of

Action, was caused in whole or in part, by the negligence and fault of the said defendants in

failing to properly manage and operate the M/V MSC WASHINGTON, in failing to properly

man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its

hull and machinery.

5

24.    By reason of the foregoing, plaintiff has sustained damages in the total amount of $186,000, plus expenses, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $186,000.00, with interest thereon and costs, the sum sued for in this Complaint.

3.    That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

6

5.    That this Court grant to plaintiff such other and further relief as may be just and

proper.

Dated: New York, New York
       September 27, 2007
       115-885

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

                         By:  _Martin F Casey_____
                              Martin F. Casey (MFC-1415)/
                              317 Madison Avenue, 21st Floor
                              New York, New York 10017
                              (212) 286-0225

7

# EXHIBIT B

LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
MEDITERRANEAN SHIPPING COMPANY, S.A.,
COSTAMARE SHIPPING CO. S.A., and
HONAKER SHIPPING CO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

UNIVERSAL LEAF TOBACCO CO.

                Plaintiff,

                                          **07 Civ. 8391 (DAB)**

      - against -

                                            **ANSWER**

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

                Defendants.

--------------------------------------------------------------x

        Defendants MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC");

COSTAMARE SHIPPING CO. S.A. ("CSC") and HONAKER SHIPPING CO. ("HSC")

(collectively referred to as "Answering Defendants") by their attorneys, Lyons & Flood, LLP, for

their Answer to Plaintiffs' Complaint, allege upon information and belief as follows:

        1.      Admit that this is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upon 28 U.S.C. §

1333.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Admit that MSC is a foreign corporation doing business in this jurisdiction and is engaged in the business as a common carrier of goods by water for hire and was the common carrier of the shipment described below, but except as so specifically admitted, deny the remaining allegations contained in paragraph 3 of the Complaint.

4.     Admit that CSC is a foreign corporation and at all relevant times was the manager of the M/V MSC WASHINGTON, but except as so specifically admitted, deny the remaining allegations contained in paragraph 4 of the Complaint.

5.     Admit that HSC is a foreign corporation and at all relevant times was the owner of the M/V MSC WASHINGTON, but except as so specifically admitted, deny the remaining allegations contained in paragraph 5 of the Complaint.

6.     Admit that the M/V MSC WASHINTON is an ocean-going vessel engaged in common carriage of cargoes on the high seas, but except as so specifically admitted, deny the remaining allegations contained in paragraph 6 of the Complaint.

7.     Admit that MSC was and still is engaged in the business of common carriage of merchandise by water for hire, and that at all relevant times MSC chartered, HSC owned, and CSC managed the M/V MSC WASHINGTON.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

9.     Answering Defendants repeat and reallege the responses in Paragraphs 1 through 8 of this Answer, as if fully set forth herein.

-2-

10.     Admit that a cargo said to contain 6,720 cases of oriental leaf tobacco laden into 70 containers, including containers numbered AMFU880448-3 and MSCUT125973 were delivered to MSC at Sindos, Greece for transshipment to Richmond, Virginia pursuant to MSC bill of lading numbered MSCU1215973, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Admit that the M/V MSC WASHINGTON arrived at Norfolk, Virginia on or about January 6, 2007 and that during discharge operations, the containers numbered MSCU955514-0 and AMFU88048-3 fell into the water, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

17.     Answering Defendants repeat and reallege the responses in Paragraphs 1 through 16 of this Answer, as if fully set forth herein.

18.    The allegations contained in paragraph 18 of the Complaint contain conclusions of law to which no answer is required, to the extent an answer is required, the allegations are denied.

19.    Deny the allegations contained in paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

21.    Answering Defendants repeat and reallege the responses in Paragraphs 1 through 20 of this Answer, as if fully set forth herein.

22.    The allegations contained in paragraph 22 of the Complaint contain conclusions of law to which no answer is required, to the extent an answer is required, the allegations are denied.

23.    Deny the allegations contained in paragraph 23 of the Complaint

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

25.    The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, et seq. ("Harter Act"), and the Answering Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA and/ or the

Harter Act, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

## SECOND AFFIRMATIVE DEFENSE

26.    The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading.  If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and/or the Harter Act and MSC's bill of lading.

## THIRD AFFIRMATIVE DEFENSE

27.    Due diligence was exercised on behalf of the carrier to make the vessels and their appurtenances seaworthy, and to make the holds and all other parts of the carrying ships in which the goods were carried fit and safe for the reception, carriage and preservation of such shipment. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, their agent, or employee, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA and/or the Harter Act, or provisions of said bill of lading or tariff or other applicable provisions of contracts of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

28.    If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the Plaintiff and not by Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

29.    If any losses or damages were sustained by the shipment referred to in the

Complaint, which is denied, such losses or damages were caused by or contributed to by a Third-

Party or Third-Parties, and not by Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE

30.    Plaintiff failed to properly and fully mitigate its damages.

WHEREFORE, DEFENDANTS MEDITERRANEAN SHIPPING COMPANY, S.A.,

COSTAMARE SHIPPING CO. S.A., and HONAKER SHIPPING CO., respectively request

judgment dismissing the Complaint, and awarding them costs and disbursements of this action,

including reasonable attorneys' fees, and for such other and further relief that this Court may

deem just and proper.

Dated: New York, New York
    December 11, 2007

                LYONS & FLOOD, LLP
                Attorneys for Defendants
                MEDITERRANEAN SHIPPING COMPANY S.A.,
                COSTAMARE SHIPPING CO. S.A., and HONAKER
                SHIPPING CO.

                By: _____
                    Edward P. Flood (EPF-5797)
                    Lyons & Flood, LLP
                    65 W 36th Street, 7th Floor
                    New York, New York 10018
                    (212) 594-2400

TO:    Casey & Barnett, LLC
       Attorneys for the Plaintiff
       Martin F. Casey, Esq
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       (212) 286-0225

U:\FLOODDOC\2549108\Pleadings\MSC's Answer to Complaint.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queen, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., COSTAMARE SHIPPING CO. S.A. and HONAKER SHIPPING CO. with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On December 11, 2007, I served true copies of the Answer to Complaint upon:

> Casey & Barnett, LLC
> Attorneys for the Plaintiff
> Martin F. Casey, Esq
> 317 Madison Avenue, 21st Floor
> New York, New York 10017

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: December 11, 2007

Erika Tax

U:\FLOODDOC\2549108\Pleadings\MSC's Answer to Complaint.doc

- 8 -