LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants and Third-Party Plaintiffs
MEDITERRANEAN SHIPPING COMPANY, S.A.,
COSTAMARE SHIPPING CO. S.A., and
HONAKER SHIPPING CO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNIVERSAL LEAF TOBACCO CO.

              Plaintiff,

              07 Civ. 8391 (DAB)

      - against -

              **AFFIDAVIT OF EDWARD P.
              FLOOD ESTABLISHING
              PROOF OF SERVICE**

M/V MSC WASHINGTON, her tackle, boilers,
engines, etc; MEDITERRANEAN SHIPPING
COMPANY S.A.; COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

              Defendants.
-------------------------------------------------------------------x
MEDITERRANEAN SHIPPING COMPANY S.A.;
COSTAMARE SHIPPING CO. S.A.; and
HONAKER SHIPPING CO.

              Third-Party Plaintiffs,

     -against-

CERES TERMINALS INCORPORATED;
CERES MARINE TERMINALS, INC.; and
VIRGINIA INTERNATIONAL TERMINALS, INC.,

              Third-Party Defendants.
-------------------------------------------------------------------x

```
STATE OF NEW YORK      )
                       )
                       )   ss.:
COUNTY OF NEW YORK     )
```

EDWARD P. FLOOD, being duly sworn, states as follows:

1. Plaintiff's Complaint, filed on September 27, 2007, seeks recovery of $186,000 for wetting damage to a shipment of oriental leaf tobacco shipped in two containers and transported from Antwerp, Belgium to Norfolk, Virginia in the late Fall of 2006. The Complaint further alleges that during discharge from the MSC WASHINGTON both containers fell into the water, thereby damaging the shipment of tobacco.

2. Plaintiff has named as defendants the vessel's owner, manager and the ocean carrier, Honaker Shipping Co., Costamare Shipping Co., and Mediterranean Shipping Company, S.A., respectively (hereinafter referred to as "Defendants").

3. All three Defendants filed an Answer on December 11, 2007 in the above captioned maritime action.

4. On December 19, 2007, Defendants filed a Third-Party Complaint against third-parties Defendants believe are responsible for this loss - the discharge stevedore and the owner of the stevedoring terminal, Ceres Terminals Incorporated/Ceres Marine Terminals Incorporated and Virginia International Terminals, Inc., respectively (hereinafter "Third-Party Defendants").

5. On that same date, December 19, 2007, Affiant sent by overnight mail a courtesy copy of the Third-Party Complaint to John M. Ryan of Vandeventer & Black, LLP, whom the affiant knows has represented these entities in prior litigation. (See Exhibit 1)

6. Sometime in late January 2008, the Affiant had a telephone conversation with Mr. Ryan wherein Mr. Ryan agreed to accept service on behalf of all three Third-Party Defendants.

7. Consequently, as per this agreement, the Affiant served all three Third-Party Defendants by providing Mr. Ryan of Vandeventer & Black, LLP with three copies of the Third-Party Complaint on January 25, 2008. (See Exhibit 2)

8. Subsequently, Mr. Peter Zambito of the New York maritime firm of Dougherty, Ryan, Giuffra, Zambito & Hession notified Affiant and Plaintiff's counsel that he would be acting as local counsel in this matter.

9. Mr. Zambito subsequently has sought and obtained time extensions to plead from both Plaintiff's counsel and affiant. Third-Party Defendants answer is due March 14, 2008. (See Exhibit 3).

10. Accordingly, as seen from the foregoing, Defendant/Third-Party Plaintiffs timely served Third-Party Defendants and Defendant/Third-Party Plaintiffs respectfully contends that there exists no basis to dismiss the Third-Party Complaint.

Dated: New York, New York
      March 11, 2008

By: _____
      Edward P. Flood

Sworn to me before this
11<u>th</u> day of March, 2008

_____
Notary Public

KIRK M.H. LYONS
NOTARY PUBLIC, State of New York
No. 02LY48652218
Qualified in New York County
Commission Expires January 13, 20 ___
4/21/2010

U:\FLOODDOC\09LY4865221Affidavit - EPF.doc

- 3 -