DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Third-Party Defendants
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSAL LEAF TOBACCO CO.,

       Plaintiff,    **ECF CASE**

   - against -    07 Civ. 8391 (DAB)

M/V MSC WASHINGTON, her tackle, boilers,  ANSWER
engines, etc., MEDITERRANEAN SHIPPING
COMPANY S.A., COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

       Defendants.
-----------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY S.A.,
COSTAMARE SHIPPING CO. S.A. and
HONAKER SHIPPING CO.,

       Third-Party Plaintiffs,

   - against –

CERES TERMINALS INCORPORATED,
CERES MARINE TERMINALS, INC. and
VIRGINIA INTERNATIONAL TERMINALS,
INC.,

       Third-Party Defendants.
-----------------------------------------------------------X

  Third-party defendants, CERES TERMINALS INCORPORATED (hereinafter "CTI"),

CERES MARINE TERMINALS, INC. (hereinafter "CMT") and VIRGINIA

INTERNATIONAL TERMINALS, INC. (hereinafter "VIT"), by their attorneys,

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint propounded by the plaintiff herein, respectfully show to the Court and allege upon information and belief as follows:

1. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7 and 8 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

2. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

3. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 10, 11, 13 and 14 of the Complaint.

3. Admits that the M/V WASHINGTON arrived at Norfolk, Virginia on or about January 6, 2007. During discharge operations, two containers bearing identification Nos. MSCU 955514-0 and AMFU 880448-3 fell into the water and, except as so admitted, denies the allegations contained in paragraph 12 of the Complaint.

4. Denies the allegations contained in paragraphs 15 and 16 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

5. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

6. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Complaint.

7. Denies the allegations contained in paragraphs 19 and 20 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

8. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

9. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 22 and 23 of the Complaint.

10. Denies the allegations contained in paragraph 24 of the Complaint.

### FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

11. The Complaint fails to state a cause of action against third-party defendants upon which relief can be granted.

### FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

12. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

### FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

13. VIT's applicable tariff and Schedule of Rates in affect at the time provided in pertinent part as follows:

> "In no case shall VIT be liable for a sum in excess of $500 per package or non-packaged objects unless …prior to the commencement of such services or use of such facilities, declares a higher value and pays to VIT, in addition to the other charges for such services as herein set forth, a premium computed at one percent (1%) of the declared value of each package or non-packaged object …The word 'package' shall include any van, container or other form of cargo unitization."

### FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

14. Both CMT and VIT (and if found liable, CTI) as third-party beneficiaries claim the benefit of MSC's Bill of Lading provisions, including but not limited to Clause 22 thereof which

provides for a limitation of $500 per package or customary freight unit and, in addition, further provides as follows:

> "Where goods have been packaged into sealed containers by or on behalf of the Merchant, it is expressly agreed that each container shall constitute one package for the purpose of application of limitation of the Carrier's liability, since the Carrier cannot verify its contents."

The said containers were packed and sealed by or on behalf of the shipper.

### FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

15. The bringing of this action is not within the proper venue and this matter should be dismissed on the ground of <u>forum non conveniens</u>.

### FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

16. The venue of this suit is improper as the loss complained of and all witnesses are located in the Portsmouth/Norfolk area of Virginia and plaintiff is based in Richmond, Virginia.

### FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE

17. The third-party defendants adopt the First, Second, Fourth and Sixth Affirmative Defenses raised in the third-party plaintiffs' Answer to the Complaint.

### FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE

18. This Court lacks personal jurisdiction over the third-party defendants.

### FOR A NINTH, SEPARATE AND COMPLETE DEFENSE

19. The third-party defendants adopt the defenses raised in their Answer to the Third-Party Complaint insofar as applicable.

WHEREFORE, third-party defendants pray that the Complaint herein be dismissed, together with the costs and disbursements of this action, including reasonable counsel fees, and for such other, further or different relief as to this Court may be just and proper.

Dated:  New York, New York
      March 14, 2008

                DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
                Attorneys for Third-Party Defendants

                S/ _____
                   PETER J. ZAMBITO      (9362 PZ)

                OFFICE & P.O. ADDRESS:
                131 East Thirty Eighth Street
                New York, N.Y.  10016
                (212) 889-2300