DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Third-Party Defendants
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSAL LEAF TOBACCO CO.,

                Plaintiff,                  **ECF CASE**

            - against -                  07 Civ. 8391 (DAB)

M/V MSC WASHINGTON, her tackle, boilers,    ANSWER TO THIRD-PARTY
engines, etc., MEDITERRANEAN SHIPPING     COMPLAINT
COMPANY S.A., COSTAMARE SHIPPING CO.
S.A. and HONAKER SHIPPING CO.,

                Defendants.
-----------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY S.A.,
COSTAMARE SHIPPING CO. S.A. and
HONAKER SHIPPING CO.,

                Third-Party Plaintiffs,

           -    against –

CERES TERMINALS INCORPORATED,
CERES MARINE TERMINALS, INC. and
VIRGINIA INTERNATIONAL TERMINALS,
INC.,

                Third-Party Defendants.
-----------------------------------------------------------X

       Third-party defendants, CERES TERMINALS INCORPORATED (hereinafter "CTI"),

CERES MARINE TERMINALS, INC. (hereinafter "CMT") and VIRGINIA

INTERNATIONAL TERMINALS, INC. (hereinafter "VIT") by their attorneys, DOUGHERTY,

RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Third-Party Complaint propounded by the third-party plaintiffs herein, respectfully show to the Court and allege upon information and belief as follows:

    1. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1, 3, 4, 7 and 8 of the Third-Party Complaint.

    2. Admits that copies of the Complaint and Answer are annexed to the Third-Party Complaint and, except as so admitted, denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Third-Party Complaint.

    3. Admits that CTI has an office and place of business located at Two Tower Center Boulevard, East Brunswick, NJ 08816 and, except as so admitted, denies the allegations contained in paragraph 5 of the Third-Party Complaint.

    4. Admits that upon information and belief, third-party defendant VIT maintains an office and place of business at 601 World Trade Center, Norfolk, VA 23510 and, except as so admitted, denies the allegations contained in paragraph 6 of the Third-Party Complaint.

    5. Admits that third-party defendant CMT acted as the stevedore and was responsible for the discharge of the Vessel, including the unlocking of the container twist-locks and other devices used to secure the subject containers to each other and to the deck of the Vessel and, except as so admitted, denies the allegations contained in paragraph 9 of the Third-Party Complaint.

    6. Admits that during the discharge operations the actual removal of all the containers, including the subject containers, from the Vessel was accomplished by using a gantry crane and, except as so admitted, denies the allegations contained in paragraph 10 of the Third-Party Complaint.

7. Denies the allegations contained in paragraphs 11 and 12 of the Third-Party Complaint.

8. Admits that third-party defendants CMT and VIT were placed on notice by third-party plaintiff MSC and advised that they would be held liable for any damage to plaintiff's cargo and, except as so admitted, denies the allegations contained in paragraph 13 of the Third-Party Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

9. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

10. Admits that the discharge of the subject shipment by CMT in Norfolk, Virginia was pursuant to a certain express contract between third-party plaintiffs and CMT and, except as so admitted, denies the allegations contained in paragraph 15 of the Third-Party Complaint.

11. Admits that pursuant to the terms of the aforesaid Contract, third-party defendant CMT was to provide certain specified services pursuant to paragraph 5 of said Contract and, except as so admitted, denies the allegations contained in paragraph 16 of the Third-Party Complaint.

12. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the Third-Party Complaint.

13. Denies the allegations contained in paragraphs 18, 19 and 20 of the Third-Party Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

14. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

15. Denies the allegations contained in paragraphs 22, 23 and 24 of the Third-Party Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

16. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

17. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 26, 27 and 28 of the Third-Party Complaint.

18. Denies the allegations contained in paragraphs 29, 30 and 31of the Third-Party Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

19. Third-party defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect if as set forth here at length.

20. Denies the allegations contained in paragraphs 33, 34 and 35 of the Third-Party Complaint.

## FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

21. The Complaint fails to state a cause of action against third-party defendants upon which relief can be granted.

## FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

22. CMT will rely upon the provisions of a certain written Contract between it and the third-party plaintiffs.

## FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

23. VIT's applicable tariff and Schedule of Rates in affect at the time provided in pertinent part as follows:

> "In no case shall VIT be liable for a sum in excess of $500 per package or non-packaged objects unless …prior to the commencement of such services or use of such facilities, declares a higher value and pays to VIT, in addition to the other charges for such services as herein set forth, a premium computed at one percent (1%) of the declared value of each package or non-packaged object …The word 'package' shall include any van, container or other form of cargo unitization."

### FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

24.  Both CMT and VIT (and if found liable, CTI) as third-party beneficiaries claim the benefit of MSC's Bill of Lading provisions, including but not limited to Clause 22 thereof which provides for a limitation of $500 per package or customary freight unit and, in addition, further provides as follows:

> "Where goods have been packaged into sealed containers by or on behalf of the Merchant, it is expressly agreed that each container shall constitute one package for the purpose of application of limitation of the Carrier's liability, since the Carrier cannot verify its contents. The said containers were packed and sealed by or on behalf of the shipper."

### FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

25.  The aforesaid Contract between third-party plaintiffs and CMT provided in pertinent part as follows:

> "11 …By the terms of the appropriate paragraph of its current Bill of Lading form, copy of which is attached hereto and made part thereof, CARRIER shall include CONTRACTOR as a beneficiary of the limitation of Liability provisions of its Bill of Lading and hereby agrees that it will not change such paragraphs without prior written notice to CONTRACTOR."

### FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

26.  Said Contract also provided as follows:

> "20**. APPLICABLE LAW**
> It is agreed by the parties to this CONTRACT that the courts of the State where the services are rendered shall have jurisdiction in all claims, disputes and actions arising under this CONTRACT and the laws of the State shall govern any claims or disputes hereunder."

The Third-Party Complaint should, therefore, be dismissed, as the services were rendered in the State of Virginia.

### FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE

27. The bringing of this action is not within the proper venue and this matter should be dismissed on the ground of forum non conveniens.

### FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE

28. The venue of this suit is improper as the loss complained of and all witnesses are located in the Portsmouth/Norfolk area of Virginia and plaintiff is based in Richmond, Virginia.

### FOR A NINTH, SEPARATE AND COMPLETE DEFENSE

29. The third-party defendants adopt the First, Second, Fourth and Sixth Affirmative Defenses raised in the third-party plaintiffs' Answer to the Complaint.

### FOR A TENTH, SEPARATE AND COMPLETE DEFENSE

30. This Court lacks personal jurisdiction over the third-party defendants.

WHEREFORE, third-party defendants pray that the Third-Party Complaint herein be dismissed, together with the costs and disbursements of this action, including reasonable counsel fees, and for such other, further or different relief as to this Court may be just and proper.

Dated:  New York, New York
        March 14, 2008

                DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
                Attorneys for Third-Party Defendants

                S/ _____
                   PETER J. ZAMBITO    (9362 PZ)

                OFFICE & P.O. ADDRESS:
                131 East Thirty Eighth Street
                New York, N.Y.  10016
                (212) 889-2300

Case 1:07-cv-08391-RWS    Document 12    Filed 03/14/2008    Page 7 of 7